UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BARBARA MANSON,

       Plaintiff,

v.

RICHARD FRIEDBERG and OLDSTONE
VENTURES, LLC,

       Defendants.

08 Civ. 3890 (RO)

**ORDER**

OWEN, District Judge:

  Plaintiff Barbara Manson ("Plaintiff") brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.* against Defendant Richard Friedberg ("Defendant" or "Friedberg") and Oldstone Ventures, LLC ("Oldstone") alleging she was sexually harassed by Defendant Friedberg. Plaintiff seeks damages in the form of back pay and emotional distress, and moves for attorney's fees and costs.

  As explained more fully below, Defendant Friedberg declared bankruptcy and this action was stayed with regard to him individually and a default judgment was entered against Defendant Oldstone. Magistrate Judge Lisa Margaret Smith thereafter issued a Report and Recommendation ("Report") in which she recommended Plaintiff be awarded $67,060 in back pay and $10,000 in emotional distress damages, and that Plaintiff's counsel be awarded $11,062.50 in attorney's fees and $450 in costs.

Before the Court is the Report, an objection to the Report filed by the trustee to the bankruptcy estate of Defendant Friedberg, and Plaintiff's reply. For the reasons set forth below, the Report is adopted in its entirety as the Order of this Court.

## BACKGROUND

Plaintiff filed the complaint on April 15, 2008 alleging that Defendant Friedberg sexually harassed her in violation of Title VII and NYSHRL. (Docket Entry No. 1.) On January 12, 2009, Defendant Friedberg notified the court that he had filed for bankruptcy under Chapter 11 of the Bankruptcy Code in United States Bankruptcy Court for the District of Connecticut.[1] (Docket Entry No. 12.) As a result, this action was immediately stayed as against Defendant Friedberg under 11 U.S.C. § 362(a). A default judgment was thereafter entered against Defendant Oldstone Ventures, and the matter was then referred to Magistrate Judge Lisa Margaret Smith on October 29, 2009 for an inquest on damages. (Docket Entry Nos. 19, 21.)

On November 30, 2010 Magistrate Judge Lisa Margaret Smith issued a Report and Recommendation ("Report") in which she recommended that Plaintiff be awarded $67,060 in back pay and $10,000 in emotional distress damages, and that Plaintiff's counsel be awarded $11,062.50 in attorney's fees and $450 in costs. (Docket Entry No. 25.) Specifically, Judge Smith found that Plaintiff was due pack pay from the date of termination in May, 2007 to the entry of a default judgment in October, 2009, and calculated the amount based on what Plaintiff would have earned during this period from the real estate consulting and the hostess work she performed for Defendant Friedberg. Judge Smith found that Plaintiff had mitigated her damages through various forms of employment since being terminated, and subtracted the mitigation amount of $61,660 from the total back pay of $128,720. Judge Smith also found that Plaintiff was entitled to emotional distress damages in the amount of $10,000. Judge Smith awarded

---

[1] Friedberg's bankruptcy case was converted from Chapter 11 to Chapter 7 by order on June 23, 2010.

Plaintiff's counsel, Mr. Michael H. Sussman, $11,062.50 based upon a reasonable rate of $375 per hour, for 29.5 hours, and $450 in costs.

Melissa Zelen Neier, Chapter 7 Trustee for the Estate of Richard Friedberg ("Neier" or "Trustee") filed objections to the Report. (Docket Entry No. 28.) Plaintiff filed a brief in response to Plaintiff's objections. (Docket Entry No. 30.) This case was thereafter transferred to this Court. (Docket Entry No. 31.)

## DISCUSSION

### A. Standard of Review

United States Magistrate Judges hear dispositive motions and make proposed findings of fact and recommendations, generally in the form of a Report and Recommendation. In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A party may file "specific written objections," Fed R. Civ. P. 72(b), to a Magistrate Judge's proposed findings and recommendations, and in that case, the district court has an obligation to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made. In doing so, a district court judge has discretion in the weight placed on the proposed findings and recommendations and may afford a degree of deference to the Report and Recommendation. Objections to a Report and Recommendation are to be "specific and are to address only those portions of the proposed findings to which the party objects." *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992). In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the Report and Recommendation under a clearly erroneous or contrary to law standard of review. 28 U.S.C. § 636(b)(1)(A).

## B. The Report and Recommendation is Adopted as the Order of this Court

The Report recommends that Plaintiff be awarded $67,060 in back pay and $10,000 in emotional distress damages. The Report also recommends that Plaintiff's counsel be awarded $11,062.50 in attorney's fees and $450 in costs.

Neier, Chapter 7 Trustee for the Estate of Richard Friedberg, objects to the Report on the basis that Defendant Friedberg's membership interest in Oldstone Ventures is considered personal property and is therefore property of the Friedberg bankruptcy estate, and thus the proceedings against Oldstone Ventures are subject to the automatic stay under 11 U.S.C. § 362(a)(3). Accordingly, Neier argues that Plaintiff cannot obtain judgment against Oldstone without first obtaining an order from the Bankruptcy Court lifting the automatic stay.

Magistrate Judge Smith rejected the argument that the proceedings against Oldstone Ventures should be stayed, and this Court concurs. Neier is correct that membership interest in a limited liability company is considered personal property. The proceedings against Oldstone Ventures are, however, not subject to an automatic stay.

The Bankruptcy Code contains provisions which, upon the filing of a bankruptcy petition, automatically stays certain efforts by creditors of the debtor's estate and protects debtors from contemporaneous judicial proceedings. Section 362(a) provides that an automatic stay for:

> (1) the commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; [and]
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]
>
> 11 U.S.C. §§ 362(a)(1),(3).

As such, once a debtor has filed for bankruptcy, actions against the debtor are stayed by Section 362(a)(1) and actions to obtain possession of property owned by the debtor is automatically stayed by section 362(a)(3). The purpose of automatic stays is to give the debtor "a breathing spell from creditors." *Teachers Ins. and Annuity Ass'n of America v. Butler*, 803 F.2d 61, 64 (2d Cir.1986).

By its terms, section 362 applies only to the property of the debtor or property of the estate and as such "does not apply to stay proceedings against non-debtors." *In re Cafpine Corp.*, 365 B.R. 401, 408 (S.D.N.Y. 2007); *In re Flanagan,* 503 F.3d 171, 180 (2d Cir. 2007). Under Section 541(a)(1), the property of an estate in bankruptcy consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

In urging this Court to apply the automatic stay to the proceeding against Oldstone, Neier asserts that Friedberg's interest in Oldstone Ventures, a wholly-owned LLC, is personal property subject to Friedberg's bankruptcy estate. An LLC is a separate legal entity, and as such it can own property, enter into contracts, and be sued. Whatever legal or equitable interest an individual has in an LLC is personal property within the meaning of the bankruptcy estate under § 541. But property of the LLC is not property of individual members and members of an LLC have no interest in the specific property of the LLC. *See, e.g., In re Rodio*, 257 B.R. 699, 701 (Bankr. D. Conn. 2001)

The fact that Defendant Friedberg holds an ownership interest in a subsidiary entity does not give him an ownership interest in assets owned by that entity. See *Kreisler v. Goldberg,* 478 F.3d 209, 214 (4th Cir. 2007); *see also In re Carabetta Enterprises, Inc.,* 162 B.R. 399, 406 (Bankr.D.Conn.1993) (holding that because a partnership is a separate legal entity from its partners, the assets of a partnership are not administered in a partner's bankruptcy proceeding);

*Kreisler v. Goldberg,* 478 F.3d at 213 (finding that a separate legal entity formed to hold property must file its own petition for bankruptcy if it seeks bankruptcy protection); *see also In re Sheu,* 2009 WL 1794473 (Bankr. E.D.N.Y. 2009) (refusing to extend the automatic stay in an individual debtor's bankruptcy case to cover a corporation wholly owned by the debtor in order to invalidate the foreclosure sale of the debtor's personal residence, which was owned by the corporation); *see also In re Commercial Mortg. and Finance Co.,* 414 B.R. 389 (Bankr. N.D. Ill. 2009) ("As a general rule, property of the estate includes the debtor's stock in a subsidiary, but not the assets of the subsidiary."); *In re Murray,* 147 B.R. 688 (Bankr. E.D. Va. 1992) (denying debtor's motion for enforcement of the automatic stay against and for turnover of property owned by a corporation in which she was the sole shareholder because "the debtor has no present interest in property owned by the various corporate entities").

Any assets owned by Oldstone Ventures, LLC, are not protected simply by virtue of the fact that Friedberg owns Oldstone. Any derivative interest Friedberg may have in Oldstone does not constitute a personal interest making it part of his estate. Neier has provided no evidence that the protections of § 362 should extend to any assets owned by Oldstone, which has not declared bankruptcy.

Furthermore, by the plain language of the bankruptcy code, an automatic stay only applies to a "proceeding against the debtor." § 362(a)(1). As such, the automatic stay provisions do not apply to proceedings against non-bankrupt co-defendants absent unusual circumstances, none of which are evident here. *See Teachers Ins. & Annuity Ass'n v. Butler, et al.,* 803 F.2d 61 (2d Cir.1986) (declining to extend stay of action against debtor partnership to its co-defendants, non-debtor individual partners); *see In re United Health Care Org., et al.,* 210 B.R. 228 (S.D.N.Y.1997) (following *A.H. Robins Co. v. Piccinin,* 788 F.2d 994, 999 (4th Cir.1986).

## CONCLUSION

For the reasons set forth above, the Report and Recommendation of Magistrate Judge Lisa Margaret Smith [dkt. no. 25.], is hereby adopted in its entirety as the Order of this Court.

Plaintiff Barbara Manson is therefore awarded $67,060 in back pay and $10,000 in emotional distress damages. Plaintiff's counsel, Mr. Michael H. Sussman, is awarded $11,062.50 in attorney's fees and $450 in costs.

SO ORDERED.

May 11, 2013

_____
RICHARD OWEN
UNITED STATES DISTRICT JUDGE